# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

MELVIN NELSON,
                Plaintiff,

-vs-

STATE FARM LLOYDS and SHANE FORDHAM,
                Defendants.

Case No. A-17-CA-962-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Melvin Nelson's Motion to Remand [#10] and Defendants State Farm Lloyds (State Farm) and Shane Fordham (collectively Defendants)' Response [#11] in opposition.[1] Having considered the documents, the governing law, and the case file as a whole, the Court now enters the following opinion and orders.

### Background

Plaintiff is a Texas citizen and the named insured on an insurance policy issued by State Farm (the Policy). The Policy covers Plaintiff's real property located at 902 Glass Drive, Leander, Texas (the Property). State Farm is an unincorporated association whose underwriters are all citizens of the State of Illinois. Removal Notice[ #1] ¶ 5. Mr. Fordham, a citizen of Texas, is an insurance adjuster. *Id.* ¶ 6.

---

[1] State Farm also filed a motion to abate. Mot. Abate [#7]. Because the Court concludes it lacks subject matter jurisdiction, the Court dismisses this motion.

On April 20, 2016, a hail storm allegedly caused damage to the Property. *Id.* [#1-1] Ex. A (State Court Records) at 8. Plaintiff submitted a claim to State Farm for the damage, which included replacement of the Property's roof. *Id.* State Farm assigned Mr. Fordham to adjust the claim, and Mr. Fordham inspected the Property and adjusted Plaintiff's claim on State Farm's behalf. *Id.*

On August 31, 2017, Plaintiff filed suit in Texas state court. *Id.* at 6. Plaintiff alleges Mr. Fordham violated Texas Insurance Code § 541.060 when he improperly evaluated the Property and failed to include the true cost of repairing the Property in his adjustment. *Id.* at 8, 32–39. In addition, Plaintiff alleges State Farm failed to review the adjustment and improperly denied coverage for the full extent of the Property's damages. *Id.* ¶¶ 14–16. As a result, Plaintiff contends State Farm wrongfully denied his claim, breached the insurance contract, violated multiple sections of the Texas Insurance Code, and breached its duty of good faith and fair dealing. *Id.* ¶¶ 40–52.

State Farm removed the case to this Court, arguing the Court possesses diversity jurisdiction. According to State Farm, Mr. Fordham was improperly joined because Plaintiff failed to state a reasonable basis for recovering against Mr. Fordham. Plaintiff filed a motion for remand, which is ripe for a decision.

## Analysis

**I.  Legal Standard**

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* Any doubts or ambiguities regarding the propriety of removal are construed against removal and in favor

of remand to the state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, State Farm invoked federal court diversity jurisdiction under 28 U.S.C. § 1332(a).

District courts have diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Section 1332 requires "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Parties upon whose citizenship diversity jurisdiction is grounded must be real and substantial parties to the controversy. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980). Thus, the Court must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." *Id.*; *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016).

## II. Application

The parties dispute whether Mr. Fordham, who is a nondiverse defendant, is properly joined. If Mr. Fordham is improperly joined, then this Court has subject matter jurisdiction.

A nondiverse defendant is improperly joined if "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (emphasis in original). Because it is undisputed Mr. Fordham is nondiverse, only the latter option is relevant. *See id.*

When deciding whether a nondiverse defendant has been improperly joined because the plaintiff failed to state a claim against him, the court may conduct a Rule 12(b)(6)–type analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). "To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to

relief that is plausible on its face." *Id.* (citations and internal quotation marks omitted) (alternation in original). In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Here, Plaintiff asserts Texas Insurance Code claims against Mr. Fordham for his activities as an adjuster concerning the Property. Under Texas law, an adjuster can be liable for Texas Insurance Code violations. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("To be liable under the Texas Insurance Code, one must be 'in the business of insurance.'" (quoting TEX. INS. CODE § 541.002)); *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988) ("The business of insurance includes the investigation and adjustment of claims and losses."). Moreover, "several courts . . . have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under [Texas Insurance] Code § 541.060(a)(2) because the adjuster has the ability to effect or bring about the settlement of the claim." *Arrow Bolt & Elec., Inc. v. Landmark Am. Ins. Co.*, No. 3:17-CV-1894-M, 2017 WL 4548319, at *3 (N.D. Tex. Oct. 12, 2017) (collecting cases).

As result, the only issue before this Court is whether Plaintiff's petition alleges facts that state a claim against Mr. Fordham. If Plaintiff's petition properly asserts a claim against Mr. Fordham, then Mr. Fordham was properly joined and the Court must remand the case for lack of subject matter

jurisdiction. If the petition fails to establish a claim against Mr. Fordham, then Fordham was not properly joined and the Court has diversity jurisdiction.

Plaintiff's petition includes allegations Mr. Fordham "conducted a substandard investigation of the claim and failed to throughly scope all of the damages to the property." State Court Records at 8. Plaintiff also claims Mr. Fordham "misrepresented the size of the roof as smaller than it truly is in an effort to artificially keep State Farm's payments as low as possible." *Id.* According to Plaintiff, Mr. Fordham "failed to include the true cost to repair the interior damage to Plaintiff's home by ignoring damage in the hallway bathroom and master bathroom." *Id.* Furthermore, Plaintiff alleges Mr. Fordham and State Farm, "[t]ogether, . . . set about to deny and/or underpay on properly covered damages." *Id.* at 9. Resting on these factual allegations, Plaintiff contends Mr. Fordham violated Texas Insurance Code § 541.060 by "(1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than in fact they were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received." *Id.* at 13.

These allegations are enough to state a plausible claim for relief against Mr. Fordham. Plaintiff offers specific facts and more than mere conclusory allegations indicating Mr. Fordham could be liable under the Texas Insurance Code. *See Martinez v. State Farm Lloyds*, No. 3:16-CV-00040-M, 2016 WL 4427489, at *3 (N.D. Tex. Aug. 22, 2016) (finding the plaintiff sufficiently alleged Texas Insurance Code violations against an adjuster where plaintiff alleged adjuster conducted an inadequate inspection and provided an unfair adjustment). Thus, Mr. Fordham was not improperly joined.

## Conclusion

Because Mr. Fordham was properly joined, his citizenship destroys diversity jurisdiction and requires the Court to remand this case. Because this Court lacks subject matter jurisdiction, the Court dismisses all other pending motions.

Accordingly,

IT IS ORDERED that Defendant State Farm Lloyds's Motion to Abate [#7] is DISMISSED;

IT IS FURTHER ORDERED that Plaintiff Melvin Nelson's Motion to Remand [#10] is GRANTED; and

IT IS FINALLY ORDERED that the Clerk shall REMAND the above-styled cause to the 425th Judicial District Court of Williamson County, Texas, for further proceedings.

SIGNED this the 20th day of February 2018.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE